UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL HAYWARD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:06-CV-86-HEA ) |
| STEAK-N-SHAKE | ) ) |
| Defendant. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court *sua sponte* upon plaintiff's refiling of a complaint [Doc. #1] in *Hayward v. Druco Restaurants*, No. 1:06-CV-148-HEA (E.D. Mo.).

**Background**

On June 27, 2006, plaintiff timely filed the instant action for job discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. The named defendant was "Steak-N-Shake." Plaintiff attached to his complaint a copy of his right-to-sue letter, which he received on June 21, 2006 [Doc. #1]. On July 10, 2006, this Court granted plaintiff leave to proceed in forma pauperis and directed the Clerk of Court to issue process on the complaint [Doc. #4]. Summons was returned executed by the United States Marshal showing Steak N Shake was served by leaving a copy with the manager on August 25, 2006 [Doc. #9 and Doc. #10]. On

September 20, 2006, defendant filed a motion to dismiss or, in the alternative, for summary judgment for failure to name the proper party-defendant [Doc. #13]. On October 4, 2006, this Court granted the motion to dismiss, noting that plaintiff had not responded to the motion in accordance with the Court's Local Rules, and that his former employer was Druco Restaurants, Inc. d/b/a Steak N Shake Cape Girardeau, a Steak N Shake franchisee [Doc. #15]. The dismissal was without prejudice to refiling against the proper defendant; however, it is now apparent to the Court that the operative effect of the order was a dismissal with prejudice, given that the ninety-day Title VII statute of limitations had already expired at that time. *See* 42 U.S.C. § 2000e-5(f)(1). On October 12, 2006, plaintiff refiled his Title VII action against Druco Restaurants. *See Hayward v. Druco Restaurants*, No. 1:06-CV-148-HEA (E.D. Mo.).

In *Roberts v. Michaels,* 219 F.3d 775 (8th Cir. 2000), the Eighth Circuit Court of Appeals held that the District Court erred in dismissing, without prejudice, plaintiff's Title VII action for failure to serve the proper defendant where (1) plaintiff had sued the right party by the wrong name; (2) plaintiff's new suit would be time-barred by the ninety-day statute of limitations; and (3) plaintiff qualified for relief under Rule 15(c)(3) of the Federal Rules of Civil Procedure (relation back of amended pleadings).

Given that plaintiff Michael Hayward is proceeding pro se and in forma pauperis, and in light of *Roberts v. Michaels*, *id.*, the Court will vacate its Memorandum and Order of October 4, 2006 [Doc. #15], thus reopening the instant action. In addition, the Court will treat the complaint in the refiled action, *Hayward v. Druco Restaurants*, No. 1:06-CV-148-HEA (E.D. Mo.), as plaintiff's first amended complaint in the instant, reopened case.

Accordingly,

**IT IS HEREBY ORDERED** that the October 4, 2006 Memorandum and Order [Doc. #15] is **VACATED** pursuant to Rule 60 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that defendant Steak N Shake's motion to dismiss [Doc. #13] is **DENIED**, without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall transfer, to the instant action, the complaint [Doc. #1] filed on October 12, 2006, in *Hayward v. Druco Restaurants*, No. 1:06-CV-148-HEA (E.D. Mo.), and docket said complaint as plaintiff's first amended complaint. The Clerk shall retain a copy of the complaint in *Hayward v. Druco Restaurants*, No. 1:06-CV-148-HEA (E.D. Mo.).

**IT IS FURTHER ORDERED** that the first amended complaint relates back under Rule 15(c)(3) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall issue service of process or cause process to be issued by serving summons and a copy of the first amended complaint on defendant Druco Restaurants, Inc. d/b/a Steak N Shake Cape Girardeau.

**IT IS FURTHER ORDERED** that defendant Druco Restaurants shall file a responsive pleading to the first amended complaint within twenty(20) after service of process.

**IT IS FURTHER ORDERED** that Steak-N-Shake is **DISMISSED** as a party-defendant.

**IT IS FURTHER ORDERED** that the Clerk shall docket this case as *Michael Hayward v. Druco Restaurants*.

**IT IS FURTHER ORDERED** that, before administratively closing *Hayward v. Druco Restaurants*, No. 1:06-CV-148-HEA (E.D. Mo.), the Clerk shall file a copy of this Order and Memorandum in the case.

Dated this 20th day of November, 2006.

_____
**UNITED STATES DISTRICT JUDGE**